Beers and another vs. North Milwaukee Town Site Co.

and defendants is charged, to affect the *bona fides* of the trans-
actions which resulted in the judgment.    That stands, as to
the defendants, unimpeached and unimpeachable as a part-
nership claim; hence it is likewise binding upon those who
must depend upon the equities of the partners to establish a
preference over other creditors.

*By the Court.*— The order appealed from is affirmed.

Beers and another, Appellants, vs. North Milwaukee Town
Site Company No. 2, Respondent.

*September 28 — October 22, 1897.*

*Contract, option to limit work: Pleading.*

In an action upon a written contract, by the terms of which the de-
fendant reserved the right to determine how much work should
be done by the plaintiffs, or to stop the work at any time, allega-
tions in the complaint that, subsequent to the making of the con-
tract, the defendant ordered certain work to be done within a
specified time, but afterward refused to allow it to be completed,
to plaintiffs' damage, are *held* not to state facts constituting a
cause of action.

Appeal from an order of the superior court of Milwaukee
county: R. N. Austin, Judge.    *Affirmed.*

The facts are stated in the opinion.

For the appellants there was a brief by *Elliott, Hickox &
Groth,* and oral argument by *C. T. Hickox.*    They argued
that the election by the defendant to have certain work
done was irrevocable, and its acceptance by plaintiffs com-
pleted the contract. *Curran v. Rogers,* 35 Mich. 221; Bishop,
Cont. § 784; *Ricker, Lee & Co. v. Collins,* 81 Tex. 662.

For the respondent there was a brief by *Timlin & Glicks-
man,* and oral argument by *Nathan Glicksman.*

CASSODAY, C. J. This action was commenced July 12, 1895, to recover $5,862.24, as the alleged damages by a loss of future profits sustained by the plaintiffs by reason of the refusal of the defendant to allow the plaintiffs to wholly perform an alleged entire written contract dated April 18, 1893, for grading certain streets, alleys, and blocks therein described, and as therein agreed. The written contract mentioned, and the facts in relation to the performance and nonperformance of the same, are given in the report of the case when here upon the former appeal from an order overruling a demurrer to the original complaint. 93 Wis. 569. After careful consideration it was there held, in effect, that the written agreement was not a contract for the entire work of such grading, but that it reserved to the defendant the right to determine how much should be done, and to stop the work at any time; and hence, that the written contract did not form the basis of a recovery for future profits, and, consequently, that the complaint stated no cause of action. Accordingly the order was reversed, and the cause remanded for further proceedings according to law. Thereupon the complaint was amended by adding allegations to the effect that subsequent to the making of the agreement the defendant elected and determined to have the grading done, and so notified and instructed the plaintiffs, and at the same time requested and demanded the plaintiffs to increase their working force, and to put such a force at work as would complete the grading within a time limited; that the plaintiffs thereupon acceded to such request, and in compliance therewith employed additional help, sublet a portion of the grading, and purchased additional tools, implements, etc., and were obliged to expend considerable money and time in fitting up a camp, and in otherwise providing and caring for the extra workmen and teams made necessary to carry out the orders of the defendant, and to perform the work undertaken for the defendant, as aforesaid, all of

which necessitated an outlay amounting to $500; that such work had been partially performed; that the plaintiffs were willing to complete the same,— the number of cubic yards yet to excavate; and the refusal of the defendant to permit the completion of the work. The defendant demurred to such amended complaint on the ground that it did not state facts sufficient to constitute a cause of action, and the trial court, by order, sustained such demurrer. From that order the plaintiffs bring this appeal.

We are clearly of the opinion that the amendment to the complaint, alleged, did not take the case out of the decision of this court and the principles of law stated by Mr. Justice PINNEY on the former appeal. The alleged election and determination of the defendant to have the work done, and its notification and instruction to the plaintiffs of such election and determination, were simply the exercise of its legal rights reserved in the written contract as construed by this court on the former appeal, and do not purport to be, in any sense, a modification of that contract.

*By the Court.*— The order of the superior court of Milwaukee county is affirmed.